1   Yaw-Jiun (Gene) Wu (# 228240)
      gwu@afrct.com
2   David M. Newman (# 246351)
      dnewman@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764
6
7   Attorneys for Defendant
    WELLS FARGO BANK, N.A., successor
8   by merger with Wells Fargo Bank
    Southwest, N.A., f/k/a Wachovia Mortgage,
    FSB, f/k/a World Savings Bank, FSB
9   ("Wells Fargo")

10              UNITED STATES DISTRICT COURT

11      EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

12

13  DAVID LANGDON and KELLY LANGDON,        Case No.:  1:14-CV-00168-LJO-GSA

14                 Plaintiff,               [The Honorable Lawrence J. O'Neill]

15         vs.                             **WELLS FARGO'S NOTICE OF MOTION
                                           AND MOTION TO DISMISS
16  WELLS FARGO BANK, N.A., and DOES 1     COMPLAINT; MEMORANDUM OF
    through 100, inclusive,                POINTS AND AUTHORITIES**
17
                   Defendants,             Date:      April 28, 2014
18                                         Time:      8:30 a.m.
                                           Ctrm:      4, 7th Floor
19

20  TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:

21         PLEASE TAKE NOTICE that on April 28, 2014, at 8:30 a.m., or as soon thereafter as

22  the matter may be heard, in Courtroom 4 of the above-entitled Court, located at 2500 Tulare

23  Street, Seventh Floor, Fresno, CA 93721, defendant WELLS FARGO BANK, N.A., successor

24  by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World

25  Savings Bank, FSB ("Wells Fargo") will move the Court for an order dismissing the Complaint

26  with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  Grounds for the motion are:

27         First Claim: Violation of Civil Code § 2943

28         This claim fails as a matter of law because Plaintiffs did not request a payoff statement

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

1    from Wells Fargo within the statutorily-required time period.

2         Second Claim: Violation of Truth-in-Lending Act (§1026.36)

3         This claim fails as a matter of law because Wells Fargo was not required to provide a

4    payoff statement within seven days of Plaintiffs' written request.

5         This motion is based on this Notice, the Memorandum of Points and Authorities filed

6    herewith, the Request for Judicial Notice, the records and pleadings on file herein, and on such

7    other evidence as may be presented.

8

9                                              Respectfully submitted,

10   Dated:  March 28, 2014                     ANGLIN, FLEWELLING, RASMUSSEN,
                                                CAMPBELL & TRYTTEN LLP
11

12                                             By:  _____/s/ David M. Newman_____
                                                        David M. Newman
13                                                    dnewman@afrct.com
                                               Attorneys for Defendant
14                                             WELLS FARGO BANK, N.A.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION.

This is a meritless lawsuit that should be dismissed with prejudice.  Plaintiffs David and Kelly Langdon ("Plaintiffs") claim that they tried to pay off their loan with defendant Wells Fargo Bank, N.A. ("Wells Fargo") in June 2013 but were deprived of their ability to do so because Wells Fargo refused to provide a payoff statement reflecting the total amount owed by Plaintiffs.  Plaintiffs claim that Wells Fargo only agreed to provide the requested information if Plaintiffs signed a vaguely-defined 'release.'  Wells Fargo provided a payoff statement in January 2014 but Plaintiffs complain that the January 2014 statement reflected payments and charges accrued since June 2013 – payments and charges that Plaintiffs claim they should not have to pay because they sought to pay off the loan in June 2013.  Based on these allegations, Plaintiffs assert claims for (1) violation of California Civil Code § 2943 and (2) violation of the federal Truth-in-Lending Act ("TILA").

Neither claim has any merit.  The first claim is defective as a matter of law because Wells Fargo was not required to provide a payoff statement pursuant to § 2943 because a notice of trustee's sale had been recorded prior to Plaintiffs' request for a payoff statement.  The second claim is defective because Wells Fargo was not required to provide a payoff statement pursuant to TILA in the seven day time-frame alleged by Plaintiffs.  Since neither claim can be cured by amendment, the motion should be granted with prejudice.

### 2.   SUMMARY OF FACTS AND ALLEGATIONS.

In June 2006, Plaintiffs borrowed $450,000.00 from World Savings Bank, FSB (Wells Fargo's predecessor) pursuant to a written promissory note.  A written deed of trust ("DOT") on real property located at 5514 East Liberty Avenue in Fresno secured the note.  (RJN Exh. B.)[1]

---

[1] On December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB.  It underwent a second name change to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. in November, 2009.  (RJN Exh. A is a compilation of certificates issued by the Office of Thrift Supervision and Office of the Comptroller of the Currency that acknowledge the federal savings bank charter, authorize the name changes, and approve the merger; as well as a printout from the FDIC website showing the history of World Savings.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Plaintiff defaulted on the loan in August 2010 that led the trustee under the DOT to record a Notice of Default ("NOD") in July 2011, indicating the total past due amount at that time as $32,814.40.  (RJN Exh. C.)  Plaintiffs did not cure the default so the trustee recorded a Notice of Trustee's Sale ("NOTS") in October 2011.  (RJN Exh. D.)  That sale did not proceed but Plaintiffs still did not cure their default, leading the trustee to record a new NOTS in December 2012.  (RJN Exh. E.)

At some point, a fire destroyed the property and Plaintiffs received $492,392.01 in insurance proceeds for the benefit of Wells Fargo.  (Compl. ¶¶ 6, 7.)  In June 2013 Plaintiffs requested a payoff statement from Wells Fargo so that they could ascertain how much money was required to tender the remaining debt owed.  (Compl. ¶¶ 8, 9.)  According to Plaintiffs, Wells Fargo did not provide a written payoff statement but instead required Plaintiffs to provide a written release before being informed of the amount due on the loan.  (Compl. ¶¶ 11, 13.)  Plaintiffs again demanded a written payoff statement in December 2013 and received one in January 2014.  (Compl. ¶ 14.)  Plaintiffs complain that the January 2014 payoff statement contained amounts owed from July 2013 to January 2014 – amounts Plaintiffs contend that they should not have to pay because they would have paid off the loan in July 2013 had they been provided a payoff statement in response to their first request.  (Compl. ¶¶ 15, 16.)  Plaintiffs bring this action for damages and to force Wells Fargo to provide a new payoff statement.  (Compl. ¶ 46; Prayer ¶¶ 1-6.)

### 3.   BOTH CLAIMS ARE FATALLY DEFECTIVE AND CANNOT BE CURED BY AMENDMENT.

Plaintiffs' two claims originate from the same core allegation: that Wells Fargo wrongfully refused to provide a payoff statement in June 2013, which prevented Plaintiffs from knowing how much they owed on their loan, which in turn prevented them from paying off the loan.  Plaintiffs claim that they were 'damaged' by incurring charges from July 2013 until January 2014, when Wells Fargo did provide a payoff statement.  None of these allegations support the two claims in the Complaint.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**A.**     **The First Claim Fails Because Plaintiffs Did Not Request A Payoff Statement From Wells Fargo Within The Statutorily-Required Time Period.**

Plaintiffs allege that Wells Fargo violated California Civil Code § 2943 by failing to provide a payoff statement 21 days after Plaintiffs' written request in June 2013.  (Compl. ¶ 11.) This allegation is meritless.

In this case, the claim fails because Plaintiffs did not request a payoff statement from Wells Fargo within the statutorily-required time period.  Section 2943(c) provides:

> A beneficiary, or his or her authorized agent, shall, on the written demand of an entitled person, or his or her authorized agent, prepare and deliver a payoff demand statement to the person demanding it within 21 days of the receipt of the demand.  **However, if the loan is subject to a recorded notice of default or a filed complaint commencing a judicial foreclosure, the beneficiary shall have no obligation to prepare and deliver this statement as prescribed unless the written demand is received prior to the first publication of a notice of sale** or the notice of the first date of sale established by a court.  (Emphasis added.)

The statute requires that a request for a payoff statement be received "prior to the first publication of a notice of sale" if a notice of default already has been recorded.  In this case, the NOD was recorded in July 2011 and two NOTS were recorded thereafter – one in October 2011 and one in December 2012.  (RJN Exhs. C, D & E.)  Plaintiffs did not request a payoff statement until June 2013 – nearly two years after the first NOTS was recorded.  (Compl. ¶ 24.)  The fact that Plaintiffs requested the payoff statement **after** Wells Fargo recorded the two NOTS defeats this claim as a matter of law.  *Gens v. Cal-Western Reconveyance Corp.*, 2013 U.S. Dist. LEXIS 2933, at *7-8 (N.D. Cal. Jan. 8, 2013) ("To the extent Plaintiff relies on California Civil Code § 2943, Plaintiff can no longer compel Defendants to produce an accounting because a Notice of Trustee's Sale has been recorded"); *Jelsing v. MIT Lending*, 2010 U.S. Dist. LEXIS 68515, at *7-8 (S.D. Cal. 2010) ("Plaintiffs sent their first demand letter well after these deadlines.  For these reasons, Plaintiffs fail to state a claim under California Civil Code § 2943 against Wells Fargo.") Wells Fargo was under no legal obligation to provide a payoff statement under § 2943. Plaintiffs' claim fails as a matter of law.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.**    <u>**The Second Claim Fails Because Wells Fargo Was Not Required To Provide A**</u>

<u>**Written Payoff Statement Within Seven Days.**</u>

Plaintiffs allege that Wells Fargo violated the Truth in Lending Act, specifically §

1026.36(c)(3), by failing to provide a written payoff statement within seven days of Plaintiffs'

request. (Compl. ¶¶ 38, 42.) Plaintiffs are simply wrong about the timing requirements set forth

in the statute.

Section 1026.36(c)(3) provides in full:

> In connection with a consumer credit transaction secured by a consumer's
> dwelling, a creditor, assignee or servicer, as applicable, must provide an
> accurate statement of the total outstanding balance that would be required
> to pay the consumer's obligation in full as of a specified date. The
> statement shall be sent within a reasonable time, but in no case more than
> seven business days, after receiving a written request from the consumer
> or any person acting on behalf of the consumer. **When a creditor,**
> **assignee, or servicer, as applicable, is not able to provide the**
> **statement within seven business days of such a request because a loan**
> **is in bankruptcy or foreclosure,** because the loan is a reverse mortgage
> or shared appreciation mortgage, or because of natural disasters or other
> similar circumstances, the payoff statement **must be provided within a**
> **reasonable time**. A creditor or assignee that does not currently own the
> mortgage loan or the mortgage servicing rights is not subject to the
> requirement in this paragraph (c)(3) to provide a payoff statement.
> (Emphasis added.)[2]

The statute specifies that the seven day deadline alleged by Plaintiffs in the Complaint

does not apply if the loan is in foreclosure. As noted above, a notice of default and two notices

of sale had already been recorded by the time of Plaintiffs' written request, i.e., the loan was

already in foreclosure. "The statutory, nonjudicial foreclosure procedure begins with the

recording of a notice of default by the trustee." *Kachlon v. Markowitz*, 168 Cal. App. 4th 316,

334 (2008). Wells Fargo was only required to provide a payoff statement "within a reasonable

---

[2] Section § 1026.36(c)(1)(iii) was amended subsequent to the date of Plaintiffs' June 2013
written request. The current version of the relevant portion of statute now provides: "In
connection with a consumer credit transaction secured by a consumer's principal dwelling, no
servicer shall: …Fail to provide, within a reasonable time after receiving a request from the
consumer or any person acting on behalf of the consumer, an accurate statement of the total
outstanding balance that would be required to satisfy the consumer's obligation in full as of a
specified date."

1   time" pursuant to § 1026.36 given the foreclosure process had already started.  Plaintiffs do not

2   allege that the January 2014 payoff statement was not provided in a reasonable amount of time.

3   Therefore, their allegations are insufficient to allege a claim for violation of § 1026.36.

4                                   **4.    CONCLUSION.**

5             For the foregoing reasons, the Court should grant this motion in its entirety and dismiss

6   this action with prejudice.

7                                                          Respectfully submitted,

8   Dated:  March 28, 2014                                 ANGLIN, FLEWELLING, RASMUSSEN,
                                                            CAMPBELL & TRYTTEN LLP
9

10                                                         By:  _____*/s/ David M. Newman*_____
                                                                    David M. Newman
11                                                              dnewman@afrct.com
                                                         Attorneys for Defendant
12                                                       WELLS FARGO BANK, N.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiffs:*

Jamie Edwards Quadra
UFAN Legal Group P.C.
1911 Douglas Blvd, Ste 85-PMB 350
Roseville, CA 95661

Tel: (916) 784-7888 – Fax: (916) 313-3570
Email: jamie@edwardsquadra.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on March 28, 2014.

| Lina Velasquez | */s/ Lina Velasquez* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP