UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LANGDON & KELLY LANGDON, <br><br>Plaintiffs, <br><br>v. <br><br>WELLS FARGO, N.A., et al., <br><br>Defendants. | 1:14-cv168-LJO-GSA <br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION TO DISMISS (DOC. 5) |

## I. INTRODUCTION

Plaintiffs, David Langdon and Kelly Langdon, bring this lawsuit against Wells Fargo Bank, N.A., and Does 1 through 100, inclusive ("Wells Fargo"). Plaintiffs allege one state law claim under section 2943 of the California Civil Code ("section 2943") and one claim under the federal Truth-in-Lending Act, specifically, 12 C.F.R. § 1026.36 ("TILA" or "section 1026.36"). Now before the Court is Wells Fargo's unopposed motion to dismiss both claims with prejudice under Fed.R.Civ.P. 12(b)(6) on the ground that they fail as a matter of law. For the reasons discussed below, this Court GRANTS WITHOUT LEAVE TO AMEND Wells Fargo's motion to dismiss plaintiffs' first cause of action under Fed.R.Civ.P. 12(b)(6) and GRANTS WITHOUT LEAVE TO AMEND plaintiffs' second cause of action under Fed.R.Civ.P. 12(b)(6).

## II. BACKGROUND

In June 2006, plaintiffs borrowed $450,000.00 pursuant to a mortgage contract for their real property located in Fresno, California ("the property"). Plaintiffs allege that Wells Fargo is the servicer of that contract. In August 2010, plaintiffs defaulted on the loan, which led the trustee of the loan to record a Notice of Default in July 2011. Because plaintiffs did not cure the default, the trustee recorded a

Notice of Trustee's Sale in October 2011 and again in December 2012.

At some point not indicated in plaintiffs' complaint, a fire destroyed the property. Plaintiffs received $492,392.01 in insurance proceeds for Wells Fargo's benefit.

Thereafter, in June 2013, plaintiffs requested a payoff statement from Wells Fargo that would reflect the total amount plaintiffs owed on the mortgage loan. Plaintiffs allege Wells Fargo required plaintiffs to sign a written release before it would provide them with a payoff statement. Plaintiffs again requested a payoff statement from Wells Fargo in December 2013, which Wells Fargo provided to plaintiffs in January 2014. Plaintiffs allege that the payoff statement was "inaccurate because it [did] . . . not reflect credit for the amount of the hazard insurance check, and . . . include[d] alleged past due amounts [for] . . . July 2013 through January 2014, which the [plaintiffs] . . . would not have incurred but for [Wells Fargo's] refusal to provide an accurate payoff statement in July 2013." (Doc. 1 ¶ 31.)

Plaintiffs assert that Wells Fargo was required to provide them with an accurate payoff statement after their written request within twenty-one days under section 2943 and within seven days under TILA. Thus, plaintiffs assert that Wells Fargo's failure to provide them with an accurate payoff statement for approximately six months after their written request in June 2013 violated both section 2943 and TILA.

Wells Fargo moves to dismiss both claims under Fed.R.Civ.P. 12(b)(6). (Doc. 5.) Wells Fargo asserts that plaintiffs cannot prevail on either of their claims as a matter of law because it was not required to provide an accurate payoff statement within twenty-one days of plaintiffs' written request under section 2943, nor was it required to provide one within seven days under TILA. (*Id.* at 1-2.)

Wells Fargo maintains that it was not required to provide a payoff statement within twenty-one days of plaintiffs' written request under section 2943 because plaintiffs did not make their request until after a notice of default had been recorded. According to Wells Fargo, section 2943 "requires that a request for a payoff statement be received 'prior to the first publication of a notice of sale' if a notice of default already has been recorded." (*Id.* at 5 (quoting section 2943).)

Likewise, Wells Fargo asserts it was not required to provide plaintiffs a payoff statement within

2

seven days of their written request under TILA because "[t]he statute specifies that the seven day deadline alleged by [p]laintiffs in the Complaint does not apply if the loan is in foreclosure." (*Id.* at 6.) Rather, Wells Fargo claims it "was only required to provide a payoff statement 'within a reasonable time' pursuant to § 1026.36[(c)(3)] given the foreclosure process had already started." (*Id.* at 6-7.)

### III. **STANDARD OF DECISION**

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions ... amount[ing] to

3

nothing more than a 'formulaic recitation of the elements'... are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## IV. DISCUSSION

### A.     First Cause of Action: Section 2943 Claim

Wells Fargo correctly asserts that it was not required under section 2943 to provide plaintiffs with a payoff statement within twenty-one days after their request for one in June 2013 because their loan was in default at that time. Under section 2943(c), a loan beneficiary, such as Wells Fargo, is generally required to "prepare and deliver a payoff demand statement to the person demanding it within 21 days of the receipt of the demand." (§ 2943(c).) But where, as here, "the loan is subject to a recorded notice of default . . . the beneficiary shall have no obligation to prepare and deliver this statement as prescribed unless the written demand is received prior to the first publication of a notice of sale." (*Id.*) Thus, section 2943 explicitly provides that Wells Fargo had "no obligation" to provide plaintiffs with a payoff statement after their request for one in June 2013 because plaintiffs' loan was already subject to a recorded notice of default at that time. Accordingly, plaintiffs' section 2943 claim fails as a matter of law and Wells Fargo's motion to dismiss plaintiffs' first cause of action is GRANTED WITHOUT LEAVE TO AMEND.

### B.     Second Cause of Action: TILA Claim

Wells Fargo correctly asserts that it was not required under TILA to provide plaintiffs with a payoff statement within seven days after their request for one in June 2013 because plaintiffs' loan was already in foreclosure at that time. Under section 1026.36(c)(3), a creditor "must provide an accurate statement of the total outstanding balance that would be required to pay the consumer's obligation in full . . . within a reasonable time, but in no case more than seven business days, after receiving a written

request from the consumer." (§ 1026.36(c)(3).) But where, as here, "a creditor . . . is not able to provide the statement within seven business days of such a request because a loan is in bankruptcy or foreclosure . . . the payoff statement must be provided within a reasonable time." (*Id.*)

Plaintiffs requested a payoff statement in June 2013, when their loan was in foreclosure. Thus, under section 1026.36(c)(3), Wells Fargo was not required to provide plaintiffs with a payoff statement within seven days of their written request, but only had to do so "within a reasonable time." (*Id.*) Wells Fargo provided plaintiffs with a payoff statement in January 2014. Plaintiffs do not allege that this was an unreasonable amount of time after either their June 2013 or December 2013 request, nor did they request leave to amend to do so. Furthermore, they did not oppose Well Fargo's motion to dismiss. Accordingly, plaintiffs' TILA claim fails and Wells Fargo's motion to dismiss plaintiffs' second cause of action is GRANTED WITHOUT LEAVE TO AMEND.

## V. CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS Wells Fargo's motion to dismiss. The Complaint is DISMISSED IN ITS ENTIRETY WITHOUT LEAVE TO AMEND. The Clerk of Court is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated:   **April 22, 2014**              /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE